UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNA MACKLIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FLEXI USA, INC., )<br>)<br>Defendant. ) | Case No. 4:07CV746SNL |

## MEMORANDUM AND ORDER

On or about April 18, 2007defendant removed this case from the Circuit Court for St. Louis County on the grounds of diversity jurisdiction. This matter is before the Court on the plaintiff's motion to remand (#2), filed July 2, 2007. A responsive pleading has been filed.

In her motion, plaintiff contends that this case should be remanded because the defendant failed to file its Notice of Removal in state court within thirty (3) days of becoming aware the case was removable as required by 28 U.S.C. §1446(d). Plaintiff further contends that since the state court retained jurisdiction and dismissed the case on May 22, 2007, this Court is without jurisdiction in this matter. Defendant contends that the federal removal statute only sets forth a thirty (30) day deadline for filing a notice of removal with the federal courts. Furthermore, it contends that it did mail a copy of the said notice to the state court but apparently it was never received; thus, defendant filed a second copy with the state court on May 31, 2007. Finally, defendant contends that the instant motion is untimely because it was not filed within thirty (30) days after the filing of the notice of removal with the federal court as required by 28 U.S.C. §1447(c).

Defendant avers that on or about April 18, 2007 it filed a notice of removal with the United States District Court for the Eastern District of Missouri, with copy of same served on opposing counsel. It further avers that it mailed a copy of this same notice of removal to the Circuit Court for St. Louis County for filing. Apparently, the notice was never received, or was not filed; however, upon learning this, defendant filed a 2nd notice of removal with the state court on May 31, 2007. Meanwhile, for reasons unknown, the state case was dismissed on May 22, 2007.[1] Upon the filing of the 2nd notice of removal, the state court set aside the dismissal.

28 U.S.C. §1446(a) provides that a defendant desiring removal of any civil action from a state court must file in the appropriate U.S. district court a notice of removal. Section 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .". Section 1446(d) provides that "[p]romptly after the filing of such notice of removal of a civil action the defendant . . . shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further."

The only thirty (30) days deadline set forth by Section 1446 is the deadline for filing the notice of removal with the federal court. Contrary to the plaintiff's assertion, §1446(d) does not require a notice be filed with the state court within 30 days from the time defendant is aware the case is removable. Under the circumstances of this case, the Court determines that the defendant "promptly" filed the notice of removal with the state court and complied with §1446(d).

---

[1] In her motion, plaintiff cites to three (3) exhibits: A, B, and C. None of these exhibits have been filed with the Court. There are no exhibits docketed with plaintiff's motion or her memorandum in support.

Alternatively, plaintiff's motion to remand is untimely. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. §1447(c). Defendant's alleged "untimeliness" in filing the notice of removal with the state court does not affect the federal court's subject matter jurisdiction. *See*, Koehnen v. Herald Fire Ins., 89 F.3d. 525, 528 (8th Cir. 1996). Since the alleged defect is "any defect other than lack of subject matter jurisdiction", plaintiff had 30 days after defendant filed its notice of removal pursuant to §1446(a) to file the instant motion to remand. It is undisputed that defendant filed its notice of removal on April 18, 2007; thus, the filing of the instant motion to remand on July 2, 2007 (74 days later) is untimely.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand (#2) be and is **DENIED.**

Dated this  14th   day of August, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE